UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80598-CIV-MIDDLEBROOKS/VITUNAC



FILED BY _____ D.C.

2003 MAY -1  PM 4: 13

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNIVERSAL SURVEILLANCE
SYSTEMS, INC.,

    Plaintiff/Counterdefendant,

vs.

SENSORMATIC ELECTRONICS
CORPORATION,

    Defendant/Counterplaintiff.

_____/

### SENSORMATIC'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO PRIOR LAWSUITS AND SETTLEMENTS BETWEEN THE PARTIES, AND SUPPORTING MEMORANDUM

Defendant, Sensormatic Electronics Corporation ("Sensormatic"), through its undersigned counsel and pursuant to Federal Rules of Evidence 103 and 104, respectfully moves in limine for an order to preclude (1) any reference to and/or (2) the use of any exhibits at trial relating to the prior lawsuit and settlement between the parties. In Support of its motion, Sensormatic submits the following memorandum.

### MEMORANDUM

### I. FACTS AND DISCUSSION

The parties were involved in a previous patent litigation in which the defendant, Sensormatic, asserted that the plaintiff, Universal, had infringed the patent-in-suit by making and at least proposing to sell a slightly different electronic article surveillance tag than the Universal tag accused of infringement here. Among other things, Universal raised an antitrust claim in response. The parties settled that litigation.

CASE NO. 02-80598-CIV-MIDDLEBROOKS

Any reference to the fact that the parties have previously been involved in a lawsuit against each other is, of course, irrelevant to this case. *See* FED. R. EVID. 402, 403. It is certainly not admissible to prove any of Universal's claims here. FED. R. EVID. 408. In addition, any reference to the settlement of the earlier case is prejudicial, as an allegation that Sensormatic settled an antitrust claim sounds as if it is an admission of wrongdoing, *see* FED. R. EVID. 402, 403, and it is particularly inappropriate here, since Universal did not bring an antitrust claim as part of this suit.

## II. CONCLUSION

For the forgoing reasons, the Court should grant Sensormatic's Motion and exclude any reference or testimony as to the prior lawsuits and settlements between the parties. Sensormatic submits herewith a form of order granting this motion.

## L.R. 7.1 CERTIFICATE

The undersigned certifies that counsel for Sensormatic contacted counsel for Universal in a good faith effort to resolve the issue raised by this motion. Universal advises they may not object to the relief requested and may not oppose this motion. They have not yet agreed to the relief requested.

Respectfully submitted:

By: _____
Stephen B. Gillman, Esq.
Fla. Bar No.: 196734
Gallwey Gillman Curtis & Vento, P.A.
200 Southeast First Street, Suite 1100
Miami, Florida 33131

Thomas B. Walsh, IV (Admitted Pro Hac Vice)
Neil J. McNabnay (Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Mathias Samuel (Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
(612) 335-5070 (Telephone)
(612) 288-9696 (Facsimile)

**Attorneys for SENSORMATIC ELECTRONICS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served **via Hand Delivery** this 1st day of May, 2003 upon: **Jeffrey D. Feldman, Esq.**, Feldman Gale And Weber, P.A., Miami Center, 19th Floor, 201 South Biscayne Blvd., Miami, Florida, 33131.

_____
Of Counsel